IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY DIXON,
an individual

    Plaintiff,

v.

BRIDGESTONE AMERICAS INC.,
a for profit corporation

    Defendant.
_____/

CASE NO:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOHNNY DIXON ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, BRIDGESTONE AMERICAS INC. ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in exceed $30,000.00 exclusive of prejudgment interest, attorneys' fees and costs. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1337; 28 U.S.C. 2201; 28 U.S.C. 1331 and 1367; the Florida Civil Rights Act, as amended, § 760.01 Florida Statutes; 42 U.S. Code § 1983; and Section § 440.205, Florida Statutes.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, as a substantial portion of the events giving rise to the claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## THE PARTIES

3. The Plaintiff, JOHNNY DIXON, at all times relevant to the causes of action, has resided in St. Petersburg, Pinellas County, Florida.

4. The Defendant, BRIDGESTONE AMERICAS INC., is a Tennessee foreign for-profit corporation doing business in Florida, registered at 801 US Highway 1, North Palm Beach, Florida 33408.

5. At all times relevant to this lawsuit, the Plaintiff was employed by Defendant and working at Defendant's Tires Plus Store located at 500 South Missouri Avenue, Clearwater, Florida.

6. At all times relevant to this lawsuit, the Defendant conducted business in Pinellas County, Florida.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## FACTS

8. Plaintiff was hired by Defendant on or about February 11, 1994.

9. The Plaintiff, while working for the Defendant ran multiple stores and served as a group leader.

10. In 2012, the Plaintiff became a managing partner with Defendant.

11. At the time that he was hired by Defendant, Plaintiff did not have any physical disabilities.

12. While working for Defendant on November 14, 2018, Plaintiff sustained injuries to back and shoulder.

13. Plaintiff's injuries to his shoulder and back were aggravated over the years while being in the employ of Defendant.

14. As a result of the injuries sustained in this accident, Plaintiff applied for workers' compensation benefits on or about December 2, 2018.

15. Plaintiff began receiving workers' compensation benefits on December 8, 2016.

16. On or about February 22, 2019, Plaintiff received a write up for performance despite outperforming his previous year.

17. On or about February 26, 2019, the Plaintiff made a complaint to Human Resources about the write up concerning his performance and the Plaintiff was told by the head of Human Resources for Defendant that the Plaintiff would be shown how to play games.

18. On February 26, 2019, the Plaintiff was informed that he had to cancel his pre-approved vacation.

19. On March 9, 2019, Plaintiff was written up for talking about his previous write up.

20. March 29, 2019, the Plaintiff was written for performance, even though his store outperformed 70% of the Defendant's other stores.

21. On April 4, 2019, the Plaintiff was written up again.

22. On January 8, 2020, Plaintiff called Robert Beckner, area manager, regarding Plaintiff's return to work plan. Mr. Beckner informed the Plaintiff that he had been demoted from a managing partner to the position of tire sales representative.

23. The Plaintiff's salary was reduced from $1,600.00 per week to $17.33 per hour.

24. The Plaintiff's short-term disability was reduced from 40% of $1600.00 per week to $200.00 per week.

25. On or about June 8, 2020, the Plaintiff applied for the position of MVS/Service Manager located in St. Petersburg with the Defendant; he was subsequently informed that he was no longer considered for the position.

26. On or about June 8, 2020, the Plaintiff applied for the position of Store Manager located in Seminole with the Defendant; he was subsequently informed that he was no longer considered for the position.

27. On or about July 17, 2020, the Plaintiff applied for two separate positions of Automotive Service Manager located in St. Petersburg and Tampa with the Defendant; the Plaintiff was subsequently informed that he was no longer considered for the positions.

28. On or about July 17, 2020, the Plaintiff applied for the position of Store Manager located in Valrico with the Defendant; the Plaintiff was subsequently informed that he was no longer considered for the position.

29. On or about July 23, 2020, the Plaintiff applied for the position of Store Manager located in Orlando with the Defendant; the Plaintiff was subsequently informed that he was no longer considered for the position.

30. On or about July 29, 2020, the Plaintiff applied for the position of Store Manager located in Tampa with the Defendant; the Plaintiff was subsequently informed that he was no longer considered for the position.

31. On or about August 5, 2020, the Plaintiff applied for the Position of Store Manager located in Lakeland with the Defendant; the Plaintiff was subsequently informed that he was no longer considered for the position.

32. On or about August 7, 2020, the Plaintiff applied for the position of Store Manager located in Valrico with the Defendant; the Plaintiff was subsequently informed that he was no longer considered for the position.

33. The Plaintiff applied for greater than 20 positions with the Defendant and received only 1 interview.

34. The Plaintiff has complied with all jurisdictional and administrative prerequisites to filing suit.

35. On or about September 30, 2020, Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on his disability and retaliation.

36. The Plaintiff was constructively discharged on January 3, 2021.

37. The EEOC issued a Dismissal and Notice of Suit Rights on February 24, 2022.

## COUNT I – DISABILITY DISCRIMINATION IN CONTRAVENTION OF THE FLORIDA CIVIL RIGHTS ACT

38. Plaintiff adopts by reference, as if set out fully and completely herein, paragraphs 1 through 37.

39. This is an action against Defendant pursuant to the Florida Civil Rights Act (FCRA), Florida Statutes 760.01 and 760.10 et. seq.

00552889.DOCX

40. At all relevant times, Plaintiff was an individual with a disability within the meaning of FCRA.

41. Specifically, Plaintiff has physical impairments that substantially limit one or more of his major life activities and bodily functions, has a record of impairment, and is regarded by Defendant as having such impairments.

42. Plaintiff is a qualified individual with disabilities as that term is defined in the FCRA.

43. Plaintiff is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of his job with Defendant.

44. At all material times, Plaintiff was an employee and Defendant was his employer by and within the meaning of the FCRA.

45. Defendant was made aware and was aware of Plaintiff's disabilities, which qualify under the FCRA.

46. As described above, Plaintiff has a disability and/or Defendant perceived him to have a disability as defined under FCRA.

47. Due to this disability, Plaintiff was discriminated against by Defendant with respect to his terms, conditions, and privileges of employment and because he took leave as a reasonable accommodation for his disabilities.

48. As a result of his disability and/or perceived disability, Plaintiff suffered an adverse employment action caused by Defendant.

49. The Defendant conducted itself with malice or with reckless indifference to Plaintiff's protected rights.

50. The Defendant discriminated against the Plaintiff in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms and conditions of his employment.

51. The conduct of Defendant altered the terms and conditions of Plaintiff's employment and Plaintiff suffered negative employment action in the form of discipline, ignoring him, providing unfair performance reviews and constructively terminating him.

52. As a direct and proximate result of the violations of the FCRA Plaintiff has lost benefits and privileges of employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

53. As a direct and proximate result of the violations of the FCRA and as a direct and proximate result of the prohibited acts against him, the Plaintiff is entitled to all necessary relief to make him whole.

54. As a direct and proximate result of Defendant's unlawful disability discrimination, Plaintiff has suffered and continues to suffer emotional damages as well as monetary damages, including, but not limited to, loss of wages and benefits, and loss of future earning capacity.

55. As a direct and proximate result, the Plaintiff is entitled to recover attorney's fees and other costs and expenses pursuant to the FCRA.

WHEREFORE, Plaintiff demands that this Court assert jurisdiction over this action, grant a trial by jury on all issues so triable, and provide for an award of damages, including, but not limited to, back pay and benefits lost, interest on back pay and benefits, front pay and benefits, compensatory damages including damages for mental anguish, loss of dignity, punitive damages, and other intangible injuries, pecuniary and non-pecuniary losses, attorneys' fees and costs, and for all other relief in law or in equity to which the Plaintiff may be justly entitled.

## COUNT II – COERCION OF EMPLOYEES BY DEFENDANT IN VIOLATION OF FLORIDA STATUTE §440.205

56. Plaintiff adopts by reference as if set out fully and completely herein paragraphs 1 through 37 above.

57. Florida Statute §440.205 states the following:

*No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law. (Florida Statute §440.205, (2003)).*

58. Plaintiff sustained an injury during the scope of his employment on or about November 30, 2016.

59. As a result of the injuries sustained, Plaintiff applied for workers' compensation benefits on or about December 1, 2016.

60. Plaintiff applied for workers' compensation benefits on or about December 2, 2016.

61. Plaintiff began receiving workers' compensation benefits on or about December 8, 2016.

62. As a result of Plaintiff's valid claim and receipt of workers' compensation benefits, the Defendant demoted, retaliated and constructively terminated the Plaintiff.

63. The actions of Defendant were willful, wanton, and outrageous and without regard for Plaintiff's rights and feelings.

64. As a result of Defendant's actions, Plaintiff has suffered both economic and emotional damages.

WHEREFORE, Plaintiff demands judgment against Defendant and relief in the form of economic damages, including lost wages, benefits, and other remuneration, reinstatement of full fringe benefits, front and back pay, future benefits, any other compensatory damages allowable under law, attorneys' fees and costs, punitive damages, emotional distress damages, prejudgment and post-judgement interest, past and future job promotions, emotional pain and suffering, mental anguish, loss of enjoyment of life and any other relief that the court deems

appropriate.

## COUNT III-DISABILITY DISCRIMINATION IN CONTRAVENTION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008

65.Plaintiff adopts by reference as if set out fully and completely herein paragraphs 1 through 37.

66.Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments 2008 (ADAAA).

67.At all relevant times, Plaintiff was an individual with a disability within the meaning of the ADAAA.

68.Specifically, the Plaintiff has physical impairments that substantially limit one or more of his major life activities and bodily functions, has a record of impairment, and is regarded by Defendant as having such impairments.

69.Plaintiff is a qualified individual with disabilities as the term is defined in the ADAAA.

70.Plaintiff is an individual who, with reasonable accommodations, at all relevant times, could perform the essential functions of his job with Defendant.

71.At all material times, Plaintiff was an employee and Defendant was his

employer covered by and within the meaning of the ADAAA.

72. Defendant discriminated against the Plaintiff with respect to his terms, conditions, and privileges of employment because of his disabilities.

73. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

74. The Defendant discriminated against the Plaintiff in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms and conditions of his employment.

75. The conduct of the Defendant altered the terms and conditions of the Plaintiff's employment and the Plaintiff suffered negative employment action in the form of discipline, ignoring him, providing unfair performance reviews and constructively terminating him.

76. As a direct and proximate result of the violations of the ADAAA the Plaintiff has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

77. As a direct and proximate result of the violations of the ADAAA and as a direct and proximate result of the prohibited acts perpetrated against him, the Plaintiff is entitled to all relief necessary to make him whole.

78. Due to his disability and/or perceived disability, Plaintiff suffered an

adverse employment action.

79. Defendant intentionally engaged in an unlawful employment practice against the Plaintiff which has resulted in damages to the Plaintiff including but not limited to a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation and non-economic damages for mental and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant and relief in the form of economic damages, including lost wages, benefits, and other remuneration, reinstatement of full fringe benefits, front and back pay, future benefits, any other compensable damages allowable under law, attorneys' fees and costs, punitive damages, emotional distress damages, prejudgment and post-judgment interest, past and future job promotions, emotional pain and suffering, mental anguish, loss of enjoyment of life and any other relief the Court deems appropriate.

## **COUNT IV RETAILIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

80. Plaintiff adopts by reference paragraphs as if set out fully and completely herein paragraphs 1 through 37.

81. The Florida Civil Rights Act makes it unlawful for an employer to retaliate against an employee who has opposed any practice made unlawful by the

Florida Civil Rights Act.

82. The Florida Civil Rights Act prohibits discrimination based on disability.

83. Plaintiff is a person with a disability and or perceived to have a disability and as such is a member of a protected class.

84. At all material times, Plaintiff was an employee and Defendant was an employer covered by and within the meaning of the FCRA.

85. The Plaintiff was qualified for the positions that he held with the Defendant.

86. Following the Plaintiff exercising his protected activity, Defendant retaliated by altering the terms and conditions of his employment by constructively terminating him because he engaged in statutorily protected activity.

87. The Plaintiff altered the Defendant for his need of a reasonable accommodation and requested the same.

88. The Plaintiff's requests constituted protected activity because his requests were concerning an unlawful activity of the Defendant.

89. Said protected activity was the proximate cause of Defendant's adverse conduct against the Plaintiff including changed working conditions, unfair performance reviews, discipline and termination.

90. The acts, failure to act, practices and policies of Defendant set forth constitute retaliation in violation of the FCRA.

91. As a direct and proximate result of the violations of the FCRA Plaintiff has lost benefits and privileges of his employment and has substantially and significantly injured in his career path.

92. As a direct and proximate result of the violations of the FCRA and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole as provided for under the FCRA.

93. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant and relief in the form of economic damages, including lost wages, benefits and other renumeration, reinstatement of full fringe benefits, front and back pay, future benefits, and any other compensable damages allowable under the law, attorneys' fees and costs, punitive damages, emotional distress damages, prejudgment and post-judgment interest, past and future job promotions, emotional pain and suffering, mental

anguish, loss of enjoyment of life and any other relief the Court deems appropriate.

## COUNT V RETALIATION UNDER THE ADAAA

94. The Plaintiff adopts by reference as if set out fully and completely herein paragraphs 1 through 37.

95. The ADAAA makes it unlawful for an employer to retaliate against an employee who has opposed any practice made unlawful by the ADAAA.

96. The Plaintiff is a person with a disability and as such is a member of a protected class.

97. At all material times, the Plaintiff was an employee and Defendant was an employer covered by and within the meaning of the ADAAA.

98. The Plaintiff was qualified for the position he held with Defendant.

99. While the Plaintiff was engaged in statutorily protected activity the Defendant retaliated against him by altering the terms and conditions of his employment,

100. The Plaintiff complained to the Defendant about the unlawful activity of the Defendant.

101. The Plaintiff's complaints constitute a protected activity.

102. Said protected activity was the proximate cause of Defendant's

negative employment actions against the Plaintiff including changed working conditions unfair performance reviews, discipline and constructive termination.

103. Defendant retaliated against the Plaintiff through changed working conditions, unfair performance reviews, discipline and constructive termination.

104. The acts, failures to act, practices and policies of Defendant constitute retaliation in violation of the ADAAA.

105. As a direct and proximate result of the violations of the ADAAA the Plaintiff has lost benefits and privileges of his employment and has substantially and significantly had his career path injured.

106. As a direct and proximate result of the violations of the ADAAA and as a direct and proximate result of the prohibited acts perpetrated against him, the Plaintiff is entitled to all relief necessary to make him whole as provided for under the ADAAA.

107. As a direct and proximate result of Defendant's actions the Plaintiff has suffered damages, including but not limited to a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendant and relief in the form of economic damages, including loss wages, benefits and other

00552889.DOCX

renumeration, reinstatement of full fringe benefits, front and back pay, future benefits and any other compensable damages allowable under the law, attorneys' fees and costs, punitive damages. Emotional distress damages, prejudgment and post-judgment interest, past and future job promotions, emotional pain and suffering, mental anguish, loss of enjoyment of life and any other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JOHNNY DIXON, respectfully demands a trial by jury for all claims so triable.

Dated this  11  day of April 2022.

_____
**ANDREW J. SALZMAN, ESQUIRE**
Florida Bar # 0603929
**UNICE SALZMAN JENSEN, P.A.**
1815 Little Road
Trinity, Florida 34655
Telephone (727)723-3772
Facsimile (727)723-1421
Email Address: service@unicesalzman.com
Secondary Email Addresses:
asalzman@unicesalzman.com
nmuina@unicesalzman.com
Attorneys for the Plaintiff

00552889.DOCX